CENTRAL MUTUAL INSURANCE COMPANY, APPELLEE, *v.*
RABIDEAU ET AL., APPELLANTS.

[Cite as Central Mut. Ins. Co. v. Rabideau (1977),
60 Ohio App. 2d 5.]

(No. L-77-017—Decided July 1, 1977.)

*Mr. James D. Turner,* for appellee.
*Mr. James E. McCormick,* for appellant.

BROWN, J. This case involves the theft and subsequent damage of an automobile by defendant-appellant Mark Rabideau, a minor. Plaintiff-appellee was the insurer of the automobile owner and paid the owner $892.12 for damages to the vehicle. Plaintiff-appellee, as subrogee of its insured, sued the minor child and his parents, defendants-appellants Robert E. and Patricia J. Rabideau, for a recovery of the amount paid, relying upon R. C. 3109.09. A non-jury trial occurred in Toledo Municipal Court. Plaintiff was granted a judgment against the three defendants in the amount of $892.12, plus costs. Defendants appeal that judgment, assigning the following errors:

"1. The trial court erred in granting judgment against the appellant parents when there was no evidence that the appellant son willfully damaged the automobile.

"2. The judgment of the trial court was not sustained by the weight of the evidence and was contrary to law."

The appeal comes before the court on a statement of facts which reveals that defendant Mark Rabideau intentionally stole the automobile from a nightclub parking lot and drove it for about one-half hour. Then he was confronted by men in a car. In it was the stolen vehicle's owner who blocked Mark Rabideau's path on the highway. Frightened, Mark "looked backward for a means of escape." The remainder of the facts are as follows: He "* * * threw the car in reverse and floored the gas. The car moved backwards and went up over the curb. At this point he let up on the gas, but the car continued to move backwards and the rear of the car struck a tree. The motor stalled, Mark jumped out of the car and ran * * *."

R. C. 3109.09 provides as follows:

"Any owner of property is entitled to maintain an action to recover compensatory damages in a civil action in an amount not to exceed two thousand dollars and costs of suit in a court of competent jurisdiction from the parents having the custody and control of a minor under the age of eighteen years, who willfully damages property belonging to such owner. * * *"

Defendants acknowledge that Mark willfully stole the car, but contend that there is no evidence to show that he willfully damaged the vehicle. Defendants argue that Mark was, at most, negligent in operating the car, and cite our recent decision in *The Travelers Indemnity Co. v. Brooks*, unreported, Sixth Appellate District, No. L-76-294, decided March 18, 1977, for the proposition that the parents of a minor are not liable for the damage done by the minor to a car he has stolen unless the damage, in contrast to the theft, is an intentional act, willfully committed by the minor.

Plaintiff does not argue with our holding in *Brooks, supra*, but contends that that holding is inapplicable here because in *Brooks* the damage was a result of negligence or

accident, whereas here the damage resulted from conduct which was so reckless as to be equivalent to a willful act.

The question before the court is whether the damage to the car resulted from the defendant's willful misconduct. Willfulness implies an intent and purpose to act in a given manner with knowledge that acting in that manner may imperil others or their property; the actor need not intend to cause the particular resulting injury, but may simply be indifferent to the safety of others. 39 Ohio Jurisprudence 2d 521, Negligence, Section 25.

Although the agreed statement of facts before the court is abbreviated, the record does indicate substantial probative evidence to support the trial court's ruling. Defendant Mark Rabideau testified that in seeking to elude the men who confronted him, he threw the car in reverse and floored the gas pedal. When the car jumped the curb, he released the gas but did not attempt to step on the brake. To back a car so precipitously in the darkness on an unfamiliar road with but a quick glance backward is reckless to the extent of being willful misconduct. This reckless conduct is distinguishable from the negligent conduct of the minor in *Brooks, supra,* and is within the scope of that willful misconduct contemplated by R. C. 3109.09, for which a minor's parents are liable. We find defendants' assignments of error not well taken.

*Judgment affirmed.*

POTTER, P. J. and WILEY, J., concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.